IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-145-JPG-DGW |
| ) | |
| SERGEANT RESTOFF, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Summary Judgment (Doc. 21) filed by Defendant, Sergeant John Restoff, on August 7, 2013. A hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) was held before the undersigned on October 3, 2013. For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED**, that this matter be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Plaintiff, Michael Fields, an inmate currently at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff contends that Defendant failed to provide him adequate nutrition between February 2, 2012 and February 7, 2012.

Plaintiff submitted a grievance dated January 31, 2012. Plaintiff alleged that on January 27, 2012, Correctional Officer Maue—who is not a party to this case—approached him

and asked about an incident that occurred four years prior involving another correctional officer. Four days later, Correctional Officer Maue pulled Plaintiff out of the line to receive food and ordered him back to his cell. When he inquired as to why, Correctional Officer Maue told him, "Because I said so." Plaintiff alleges that Correctional Officers Vasquez and Mott—who are not parties to this case—were present and failed to intervene. He also contends that Officer Vasquez had harassed him in the past and that he was sent to segregation without cause. In a sworn affidavit, Terri Anderson, Manager of the Office of Inmate Issues, stated that Plaintiff's grievance was never received.[1]

Plaintiff submitted a grievance dated March 5, 2013 to the Administrative Review Board (ARB). In that grievance, Plaintiff alleges that he received a falsified disciplinary report wherein Correctional Officer Maue alleged that he attempted to leave the gallery without showing his identification card. Plaintiff also re-alleged his allegations from his first grievance—namely that Correctional Officer Maue refused him food, verbally tormented him while he was in segregation, and advised others to ignore him. Plaintiff further alleges that he submitted two emergency grievances, one through institutional mail and the other by certified mail.

The ARB received Plaintiff's grievance on May 14, 2012, and returned it without issuing a final determination because Plaintiff failed to provide two necessary documents: (1) a copy of his written Committed Person's Grievance, including the counselor's response; and (2) a

---

[1] In a letter dated February 1, 2012 addressed to Warden Atchinson, Plaintiff states that he sent two emergency grievances home, one dated January 31, 2012 and another dated February 1, 2012, for his mother to send to the warden via certified mail.

2

copy of the Committed Person's Grievance Report, including the Grievance Officer's and Chief Administrative Officer's response.

## CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events. *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

The PLRA provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

3

>other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-35 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO

4

in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

Plaintiff has failed to exhaust his administrative remedies as his grievances fail to identify or state any allegation against the only remaining Defendant, Sergeant Restoff. Proper exhaustion requires an inmate file complaints and appeals in the place, and at the time, the

prison's administrative rules require so that the agency can address the complaints on the merits. "The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill. Adm. Code § 504.810(b). "This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." *Id*. In this case, Plaintiff's grievances are wholly devoid of any factual allegations against Defendant Restoff. In fact, Plaintiff's first grievance, dated January 31, 2012, preceded the actions giving rise to this lawsuit as the Complaint alleged that Defendant denied Plaintiff adequate nutrition "somewhere between the dates of February 2, 2012 and February 7, 2012," days after Plaintiff submitted his grievance. Further, Plaintiff's second grievance fails to identify, provide descriptive information, or state any allegations against Defendant Restoff. At a hearing pursuant to *Pavey v. Conley*, 544 F .3d 739 (7th Cir. 2008), Plaintiff acknowledged these deficiencies and failed to offer an explanation as to why he did not identify and include allegations against Defendant Restoff in his grievances. As such, Plaintiff has failed to exhaust his administrative remedies.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED** (Doc. 21), that this matter be **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The

failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 29, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**