IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL FIELDS,

       Plaintiff,

  vs.

SERGEANT RESTOFF,

       Defendants.

Case No. 13-cv-145-JPG-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 35) of Magistrate Judge Donald G. Wilkerson in which it is recommended this Court grant defendant Restoff's motion for summary judgment (Doc. 21) for failure to exhaust administrative remedies.  For the following reasons, the Court adopts the R & R and grants Restoff's motion for summary judgment.

1. R & R Standard

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  Fields filed an objection to the R & R.  Accordingly, this Court will conduct a *de novo* review of those portions of the R & R to which Fields objects.

2. Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252. With this standard in mind, the Court will consider whether Restoff is entitled to judgment as a matter of law.

3. Background

Fields, currently in the custody of the Illinois Department of Correction ("IDOC") and incarcerated at Menard Correctional Center ("Menard"), alleged in his complaint that Restoff

failed to provide him with adequate nutrition from February 2, 2012, to February 7, 2012. On October 3, 2013, Magistrate Judge Wilkerson held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Based upon that hearing and the parties' briefing, Magistrate Judge Wilkerson found that Fields failed to exhaust administrative remedies with respect to Restoff.

Magistrate Judge Wilkerson's findings of facts indicate that Fields filed grievances on January 31, 2012, and March 5, 2013. Fields, however, failed to indicate Restoff in either of these grievances, and the first grievance was filed after the alleged incident with Restoff. At the *Pavey* hearing, Fields could not offer an explanation for his failure to identify Restoff in those grievances.

In his objection, Fields does not disagree with these factual findings. Rather, he argues that prison officials' failure to address his first grievance against other officers facilitated the incident with Restoff. Alternatively, he argues that even though he only named Maue in the first grievance, other officers he could not identify, such as Restoff, were responsible for serving his meals. He then argues that prison officials' failure to address his first grievance thus made the grievance process unavailable to him. The Court will consider these arguments.

4. Analysis

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust all available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a); *see also Kaba v. Stepp*, 458 F.3d 678, 683 (7th Cir. 2006). The IDOC employs a three-step grievance process in which an inmate (1) grieves a matter to a prison counseler; (2) then engages in an institutional-level review, and (3) finally appeals to the ARB. 20 Ill. Admin. Code §§ 504.810(a), 504.850(a). The initial grievance must "be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." 20 Ill. Admin. Code § 504.810(a). Because it is an affirmative defense, the burden to plead and prove a plaintiff failed to exhaust available

administrative remedies is on the defendant.  *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008).

Here, it is clear that Fields failed to exhaust his administrative remedies with respect to Restoff.  He does not deny that he failed to name Restoff in his first grievance.  Even if he had named Restoff in that first grievance or even if he had provided some information with which Restoff could have been identified (which Fields does not argue he did), the events of which he now complains occurred *after* the date of that first grievance.  Accordingly, there is no way that he could have grieved the allegations in his complaint in that first grievance.  Further, the fact that Fields filed the second grievance provides evidence against the contention that the grievance process was unavailable.  Finally, Fields failed to grieve his matter concerning Restoff in the second grievance that was filed after the incident of which he complains.  Even if he would have mentioned Restoff, the record indicates that the second grievance was returned to Fields because he failed to follow IDOC's procedure.  As such, the Court finds no merit in Fields' objections.

5. Conclusion

After a *de novo* review, the Court finds that Fields failed to exhaust administrative remedies with respect to Restoff.  Accordingly, the Court **ADOPTS** the R & R (Doc. 35), **GRANTS** Restoff's motion for summary judgment (Doc. 21), and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** May 1, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
